# Drewes Law PLLC

Business Litigation, Real Estate Litigation, and Bankruptcy

Jonathan L. R. Drewes†  
Direct - (612) 285-3052  
jon@dreweslaw.com

Caitlin Guilford**  
Bennett Hartz  
Paul H. Weig

† also licensed in Illinois and Washington  
** also licensed in New York

1516 West Lake Street, Ste 300  
Minneapolis, MN 55408

www.dreweslaw.com  
Telephone (612) 285-3051  
Facsimile (612) 285-3062

August 1, 2014

Clerk of Court  
U.S. Court of Appeals for the Eighth Circuit           **VIA ECF ONLY**

Re:   *Aaron Sari v. Wells Fargo Bank, N.A.*, Appeal No. 13-2974  
      New Case: *Woelfel v. U.S. Bank, N.A.* (Minn. Ct. App. July 21, 2014)

Dear Clerk of Court:

On July 21, 2014, a Minnesota Court of Appeals three-judge panel found a foreclosure process nearly identical to the one at issue in the present case void, finding "this court's *Ruiz* opinion has persuasive value and supports our conclusion that subdivision 3 requires strict compliance." *Woelfel v. U.S. Bank*, 2014 Minn. App. Unpub. LEXIS 762 (Minn. Ct. App. July 21, 2014)(citing *Ruiz v. 1st Fid. Loan Servicing, LLC*, No. A11-1081, 2012 WL 762313 (Minn. App. Mar. 12, 2012), *aff'd*, 829 N.W.2d 53 (Minn. 2013)). "The plain language of Minn. Stat. § 580.032, subd. 3, unambiguously requires that the pendency of the notice of foreclosure must be recorded within a specified time period." *Id*. *Woelfel* and *Ruiz* demonstrate that six out of six Minnesota appellate panel judges faced with the same facts as found in the present case have ruled in favor of the homeowner in finding the foreclosure sale void. *Woelfel* cites and declines to following the reasoning of *Badrawi v. Wells Fargo Home Mortg., Inc.*, 718 F.3d 756 (8th Cir. 2013). *Id*. at 3-4.

"[W]here the state's highest court has not ruled, we *must* follow the decisions of the state's intermediate courts when they are the best evidence of what the state's law is." *Swope v. Siegel-Robert, Inc.*, 243 F.3d 486, 493 (8th Cir. 2001). *Woelfel* adds to *Ruiz* and *Hunter v. Anchor Bank, N.A.*, 842 N.W.2d 10 (Minn. App. 2013) in demonstrating the best evidence of Minnesota's law on these points, supplementing previous reliance on the intermediary ruling in *Ruiz* discussed in Appellant's Brief at 27-29.

Sincerely yours,

/s/     Jonathan L. R. Drewes

Jonathan L. R. Drewes

cc (via ECF):   Charles F. Webber, counsel for appellee Wells Fargo Bank, N.A.
                Jessica Savran, counsel for appellee Wells Fargo Bank, N.A.